PER CURIAM.
This case is before the court upon the response to a citation issued to' J. A. Peacock, Jr., as Clerk of the Circuit Court for Calhoun County, Florida, directing him to appear in person before the court and show cause, if any he may, why he should not be adjudged in contempt of the court for failure to perform his official duties in connection with this appeal as prescribed by the Florida Appellate Rules as promulgated by the Supreme Court of this state, and for his failure to comply with the order directed to him and rendered by this court dated December 7, 1967.
Appellant filed his notice of appeal in the office of respondent Peacock as Qerk of the Circuit Court for Calhoun County on July 24, 1967, and at the same time deposited with him the filing fee as required by the rules relating thereto. On August 3, 1967, appellant filed with respondent his written directions for the preparation of the record on appeal, together with directions to the reporter for transcribing her notes of the trial proceeding. Respondent not only failed to forthwith transmit tO’ this court a certified copy of the notice of appeal together with the filing fee deposited with him as required by Rule 3.2, subd. a, F.A.R., 32 F.S.A., but also failed to prepare and transmit to this court the record on appeal as required by Rule 3.6, F.A.R., which record was due to be filed in the office of the clerk of this court on November 11, 1967.
Upon denial of appellee’s motion to dismiss the appeal for failure of appellant to comply with the rules relating to' the preparation and filing of a record on appeal, this court rendered its order on December 7, 1967, directing respondent to' forward to this court a certified copy of the notice of appeal and the filing fee deposited with him, and to complete in accordance with appellant’s directions the record on appeal and file it in this court on or before December 14, 1967, or failing which, he was commanded to appear in person before the court and to show cause for his failure so to do. *323 A copy of this order was transmitted to respondent by registered mail and received by him on December 8, 1967.
Upon respondent’s failure to comply with the court’s order of December 7, 1967, as mentioned above, or to appear before this court on December 14, 1967, as commanded by the directions contained in said order, this court issued its citation of December 14, 1967, directing respondent to appear before the court and show cause why he should not be adjudged in contempt for his failure to comply with the Florida Appellate Rules and with the lawful order of this court governing the performance of his official duties.
At the hearing held before the court, respondent offered no lawful cause or excuse for his defaults in the premises. He candidly admitted his failure to process this appeal in accordance with the appellate rules applicable thereto, but sought to excuse his dereliction on the ground that he was inexperienced in the processing of appeals and was without knowledge as to how or in what manner his duties in this connection should be performed. Having accepted the office he now occupies, respondent has likewise accepted the responsibility for informing himself as to the propey manner in which his official duties must be performed, and he may not seek to avoid the responsibility for failing in the performance of his duties on the ground of inexperience or ignorance.
Respondent has candidly admitted before the court that he received the registered letter transmitted to him containing this court’s order of December 7, 1967, but states that said registered letter, together with the remainder of the mail received at that time, was handed over to his deputy clerk and he assumed that it would be handled by her in a proper manner; that the envelope containing the order was never opened either by respondent or anyone acting under his supervision until the citation for contempt issued in this cause was served upon him on December 14, 1967. Such an admission on the part of respondent is a confession of gross dereliction in the performance of his official duties, and ignores the rudimentary principles of minimal office procedures.
Although we are of the view that respondent Peacock’s failure to perform his official duties in connection with this appeal was not motivated by any intent to defy this court’s authority or to flagrantly refuse to perform the duties required of him, he is nevertheless in default because of his derelictions hereinabove outlined.
In consideration of the premises the respondent, J. A. Peacock, Jr., is hereby adjudged and held to be in contempt of this court for his failure to comply with the duties and responsibilities imposed upon him in connection with the processing of the appeal in this case as prescribed by the Florida Appellate Rules, and because of his failure to comply with the lawful order of this court in connection therewith rendered on December 7, 1967. It is the judgment of the court that respondent Peacock, for his said offense, be and he is hereby fined the sum of $100.00, together with the costs of this proceeding hereby taxed in the sum of $14.50. It is further ordered that said respondent Peacock do prepare and file in the office of the clerk of this court a proper record on appeal in accordance with directions given him by counsel for the parties herein, and pay the fine and costs hereby imposed upon him all within ten days from the filing of this judgment, in default of which he shall be taken in custody by the Sheriff of Calhoun County and incarcerated in the county jail of that county until he shall purge himself of his contempt by fully complying with the terms and provisions of this judgment.
WIGGINTON, C. J., and CARROLL, DONALD K., RAWLS, JOHNSON and SPECTOR, JJ., concur.