415 So.2d 79 (1982)
Robert W. ROWE, Appellant,
v.
Richard P. WILLE, As Sheriff of Palm Beach County, Appellee.
Robert W. ROWE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 80-1580, 80-1794.
District Court of Appeal of Florida, Fourth District.
June 9, 1982.
Rehearing Denied July 2, 1982.
*80 Claire D. Dryfuss, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, and Frank A. Kreidler, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
Appellant, Robert W. Rowe, appeals an order adjudging him guilty of contempt. We reverse.
Rowe is a district intake supervisor for the Youth Services Office of the Department of Health and Rehabilitative Services in Delray Beach, Florida. On August 26, 1980, he was served with an order to show cause why he should not be held in contempt of court for his alleged failure to enforce the conditions of probation of two *81 youths previously placed in a community control program supervised by the Youth Services Office. Specifically, the order required Rowe to explain why the youths had failed to make court-ordered restitution before their nineteenth birthdays at which time juvenile court jurisdiction over the youths automatically terminated. After a hearing Rowe was adjudicated guilty, ordered to pay a fine of twice the amount the youths had failed to pay in restitution, and sentenced to serve 24 hours in jail. On appeal Rowe contends that the trial court was without jurisdiction to hold him in contempt and that, assuming jurisdiction, the evidence was insufficient to support his conviction.
Chapter 39.13, Florida Statutes (1977), states:
The court may punish for contempt any person interfering with the administration of or violating any provision of this chapter [the Florida Juvenile Justice Act] or order of the court relative thereto.
Chapter 959.021, Florida Statutes (1977), mandates that HRS "shall be responsible for the implementation of law and policy relating to youth services... ." Chapter 39.11(1)(a)(1) provides that "Community control programs for children shall be supervised by the department [HRS] or by any other person or agency specifically authorized by the court." Clearly, under this statutory scheme and the terms of the court's orders, it was Rowe's duty to implement the orders placing the two youths on probation and to see that the conditions, including restitution, were carried out. That being the case, we believe the court possessed the power to cite him for contempt for wilful failure to carry out the court's orders.
Since the trial court indicated that the alleged contemptuous conduct occurred outside its presence, the charge against appellant may be properly characterized as indirect criminal contempt. Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977). In such instances there must be proof of intent to disobey the court and, as in all criminal cases, the defendant will be presumed innocent until proven guilty beyond a reasonable doubt. Florida Ventilated Awning Co. v. Dickson, 67 So.2d 218 (Fla. 1953); Department of Rehabilitation Services v. State, 338 So.2d 220 (Fla. 4th DCA 1976). There must be evidence that the defendant intended to violate the court's command, or that he was guilty of such gross dereliction that the intent will be presumed. See Brugh v. Savings and Profit Sharing Fund, 205 So.2d 322 (Fla. 1st DCA 1967). We cannot find such proof in this record.
Rowe acknowledged responsibility for supervising the program and admitted that restitution was not made. The record also reflects that Rowe was aware that the court had ordered restitution by the youths. The state relies specifically on Rowe's failure to file petitions of violation of the conditions of probation as proof of his contemptuous intent. Section 39.11(1)(a)(2), Florida Statutes (1979), states:
Should the conditions of the program be violated, the agent supervising his community control program or the state attorney may bring the child before the court on a petition alleging a violation of the program.
The state contends that such language imposes a mandatory requirement on the juveniles' supervisor to bring the juveniles back to court and that failure to do so constitutes evidence of wilful disobedience of the court's orders. We cannot agree. Section 39.11(1)(a)(2) must be read in conjunction with Florida Rule of Juvenile Procedure 8.210(a), which also contains the word "may" instead of "shall" in speaking to the supervisor's authority to bring the juvenile back to court. Both provisions indicate that some discretion is involved in the decision to prosecute violators.
The gist of the evidence presented at trial was that Rowe and his staff had for a variety of reasons, including inefficient and inadequate internal procedures as well as overwork, failed to see that the court's order in these and other cases had been carried out. This proof might well sustain a finding that Rowe was guilty of neglect but we do not believe it is sufficient to sustain a finding of wilful disobedience.
*82 In addition, there is no evidence that the court had put Rowe on notice of similar problems or warned him of the consequences of the failure of his office to provide adequate supervision before the violation involved herein occurred. Such a notice or warning may be unnecessary before an employer may discipline an employee for neglect of duty. However, implicit in any scheme involving the imposition of criminal sanctions is reasonable notice to the accused of the conduct that will result in the imposition of sanctions. While express notice may be unnecessary in cases of obvious wilful misconduct, its presence in instances such as involved herein may be crucial.
Accordingly, for the reasons set out above the judgment and sentence of the trial court are reversed.
DOWNEY and DELL, JJ., concur.