423 So.2d 998 (1982)
Manuel LOPEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-529.
District Court of Appeal of Florida, Third District.
December 28, 1982.
*999 Bennett H. Brummer, Public Defender and Robin H. Greene, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Jack Ludin, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
A trial judge may not summarily adjudicate a defendant guilty of direct criminal contempt when the alleged contemptuous conduct took place not in his presence or within his hearing, but, in fact, took place a week before the instant proceedings and before a different trial judge. Rule 3.830 Florida Rules of Criminal Procedure.[1]
The state contends that because the alleged contemptuous acts took place in open court it was an offense that could be considered as a direct criminal contempt by any judge at any time. We reject this contention. The first sentence of Rule 3.830 speaks of the court, but the last two sentences speak of the judge and clearly the rule can only be interpreted to mean that the conduct takes place in open court before a judge and that the judge and court must be the same.
The conviction of direct criminal contempt under review is reversed without prejudice to proceed against the appellant under Rule 3.840.
Reversed and remanded with directions.
NOTES
[1] A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the Court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court. Emphasis added.