557 So.2d 916 (1990)
Henry J. HUNNEFELD, Appellant,
v.
Honorable Daniel FUTCH, Circuit Court Judge, Appellee.
No. 89-0959.
District Court of Appeal of Florida, Fourth District.
March 7, 1990.
*917 Henry J. Hunnefeld and Mark C. Maroon of Carusello & Hunnefeld, P.A., Coral Gables, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
The trial judge twice held appellant, a Florida attorney, in criminal contempt of court. First for failing to personally appear at a status conference and then for failing to appear for a scheduled trial.
By Order Approving Stipulation for [Substitution] of Counsel, appellant's firm of Carusello and Hunnefeld, P.A., became counsel of record to represent a criminal defendant in a case assigned to the trial judge. An Order Setting Case for Trial and Status Conference (entered before the change of counsel) set February 9, 1989, as the date of the status conference, February 15, 1989, as the trial date, and stated in paragraph 3:
THE DEFENDANT, THE DEFENDANT'S ATTORNEY AND THE ASSISTANT STATE ATTORNEY IN CHARGE OF THE CASE SHALL BE PRESENT AT THE STATUS CONFERENCE.

Appellant did not appear for the status conference. He had been ordered to personally appear on a "capital related case in Marathon, Florida." Attorney Mark Maroon, an associate of appellant's firm, appeared in his place. Mr. Maroon decided to make an ore tenus motion to continue the trial. The trial judge responded as follows: "You tell Mr. Hunnefeld he can't ask for anything. I'm issuing a rule to show cause why he shouldn't be held in contempt of court for failure to appear pursuant to my order, why he couldn't appear. Paragraph three of the order will tell you why [all motions to continue had to be in writing]. Thank you." Mr. Maroon thought the case had been continued and went to the trial judge's chambers to speak to the judicial assistant about the new trial date. He got a date of March 10, 1989. Mr. Maroon advised appellant that the trial was continued to March 10, 1989. In fact, the court had not continued the trial. The date given to Mr. Maroon was the date for appellant's hearing on the order to show cause. On February 15, 1989, appellant failed to appear for trial. The trial judge issued the second order to show cause.
We recognize that a judgment of contempt is clothed with a presumption of correctness. Krueger v. State, 351 So.2d 47, 49 (Fla. 3d DCA 1977). But, a trial court should use its power to punish criminal contempt cautiously and sparingly, to punish assaults or aspersions upon the authority and dignity of the court or judge and not to avenge personal affronts. Id. A trial court may not hold an individual in contempt of court for violating an order which does not clearly and definitely make the person aware of its command and direction. American Pioneer Casualty Ins. Co. v. Henrion, 523 So.2d 776, 777 (Fla. 4th DCA 1988) (citing Lawrence v. Lawrence, 384 So.2d 279, 280 (Fla. 4th DCA 1980)). There must be proof that the individual intended to disobey the court, which must be proven beyond a reasonable doubt. Id. (citing Florida Ventilated Awning Co. v. Dickson, 67 So.2d 218 (Fla. 1953)). Also, there must be evidence of the individual's intent to disobey the court's order, or, that he or she was guilty of such gross dereliction that the intent will be presumed. Rowe v. Wille, 415 So.2d 79, 81 (Fla. 4th DCA 1982).
The order of substitution did not specify appellant as defendant's sole counsel. The order setting the status conference only ordered "THE DEFENDANT'S ATTORNEY" to be present, not appellant personally. In American Pioneer, the third party defendant failed to appear at a settlement conference set by court order. His attorney, who had full authority to settle the case, appeared believing this constituted compliance with the order. Judge Hersey writing for this court found that an *918 order reading "[t]he appearance of counsel and clients, or representatives of each party with authority to enter into a full and complete compromise and settlement, is mandatory," was not clear and definite enough to support a contempt conviction. Appellant should not have been held in contempt of court for his failure to personally attend the status conference when a member of the designated firm of record did attend. Attendance by appellant's associate satisfied the order setting the status conference and should have satisfied the trial judge.
The order setting the status conference did require that requests for a continuance of the trial be in writing. However, the trial judge did not find appellant in contempt because the associate made an ore tenus motion for continuance. Appellant's second contempt conviction was for his failure to appear at trial which resulted from misinformation obtained from the associate, not intentional disobedience of a court order. Although appellant's firm never received an order continuing the trial, the misinformation when coupled with appellant's explanation and the fact that he had never before tried a case in front of the trial judge, leads us to conclude that reasonable doubt exists as to whether appellant willfully intended to disobey the trial court's order to appear for trial. Nor do we presume such intent from appellant's less than gross dereliction of failing to appear for trial without receipt of an order of continuance.
Accordingly, we reverse the contempt convictions and sentences and remand with directions to discharge appellant.
REVERSED AND REMANDED WITH DIRECTIONS.
HERSEY, C.J., and WARNER, J., concur.