PER CURIAM.
Appellant, a juvenile, challenges the trial court’s judgment finding her guilty of indirect criminal contempt. She asserts that her contempt hearing was procedurally flawed when the trial court took notice of various issues she characterizes as “ultimate.” We agree and reverse.
On February 26, 1991, appellant appeared before Judge Foster for a hearing on her alleged violation of community control. As the hearing was about to begin, Judge Foster chastised appellant for appearing in shorts in apparent disregard of a court date information notice requiring “appropriate dress” and specifically declaring shorts “not acceptable.” Judge Foster placed appellant in detention, ordering her to show cause why she should not be held in contempt. The contempt hearing was held on March 5 with Judge Brooke presiding. Although he was not the presiding judge at the February 26 hearing, Judge Brooke informed appellant of the follow *616 ing: “I’m going to take judicial notice that she appeared improperly attired. You’re not getting much of a hearing is what I’m telling you.” Appellant was also deemed to have been informed by the court date information notices that shorts were prohibited attire, despite an absence of proof that the unsigned notices were either mailed or hand-delivered to appellant or to anyone else for that matter. Over the protestations of appellant’s attorney, Judge Brooke took notice of these matters and concluded that appellant was guilty of indirect criminal contempt.
On appeal, appellant argues that her guilt was presumed given the manner in which the hearing was conducted. The state responds that summary disposition was entirely proper because appellant’s improper attire in court constituted direct as opposed to indirect contempt.
The distinction between direct and indirect contempt is fundamental. Where the contemptuous conduct is committed in the immediate presence of the court, the contempt is defined as direct; where it is committed outside the court’s presence, the contempt is indirect. More than merely a matter of definition, this distinction is significant because greater procedural due process safeguards apply to indirect criminal contempt proceedings. See Pugliese v. Pugliese, 347 So.2d 422, 425 (Fla.1977). Whereas direct contempt may be punished summarily with the accused having only the opportunity to present evidence of excusing or mitigating circumstances, the procedures applicable to indirect contempt are more formal in nature. Compare Fla.R.Juv.P. 8.270 (direct contempt) with Fla.R.Juv.P. 8.280 (indirect contempt).
The state erroneously suggests that appellant’s alleged contempt was direct, and thus summary adjudication of guilt was proper, simply because the prohibited attire was worn in a courtroom. Of course, this ignores the fact that the alleged contemptuous conduct took place before Judge Foster on February 26 and not in the presence of Judge Brooke on March 5. It is well established that summary adjudication for direct contempt is not permitted where the alleged conduct took place, not in the presence of the judge, but at an earlier time and before a different trial judge. Deltoro v. State, 534 So.2d 917 (Fla. 3d DCA 1988); Guzman v. State, 489 So.2d 871 (Fla. 3d DCA 1986); Lopez v. State, 423 So.2d 998 (Fla. 3d DCA 1982).[1]
Although Judge Brooke correctly defined the alleged contempt as indirect, the record makes clear that appellant was given none of the procedural protections due her under the applicable rule. Rather than having a hearing to determine guilt or innocence, Judge Brooke took notice of appellant’s contemptuous conduct asking only for evidence of excusing or mitigating circumstances. This is precisely the procedure which would have applied had appellant’s alleged contempt been of the direct variety. Where, as here, the charged contempt is indirect, the defendant is innocent until it is proved beyond a reasonable doubt that she intended to violate the court’s command, or was guilty of such gross dereliction that intent may be presumed. Implicit in this is reasonable notice to the accused of the conduct that will result in the imposition of sanctions. See Rowe v. Wille, 415 So.2d 79, 81-82 (Fla. 4th DCA 1982). Because the court in the instant case simply took notice of these matters, we must reverse appellant’s judgment of guilt.
REVERSED and REMANDED.
BOOTH, MINER and ALLEN, JJ., concur.

. The most recent amendments to Rule 8.270 did not become effective until July 1, 1991, and are thus inapplicable to the instant case. See In Re Petition to Amend The Florida Rules of Juvenile Procedure, 589 So.2d 818, 833-34 (Fla.1991). We offer no opinion as to whether the amendment to the direct contempt provision, which substitutes the word "court” for "judge," signals a departure from the above cited rule. See Lopez v. State, 423 So.2d 998 (Fla. 3d DCA 1982) (holding that the use of the term "judge” in Rule 3.830, Fla.R.Crim.P., which is the counterpart to Rule 8.270 concerning direct contempt, requires that the contempt, to qualify as direct, must be committed in the presence of the same "judge”).