588 So.2d 1076 (1991)
Clifford BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0636.
District Court of Appeal of Florida, Fourth District.
November 13, 1991.
Jeffrey H. Garland of Carbia, Kirschner & Garland, P.A., Fort Pierce, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
Clifford Barnes (Barnes) appeals the judgment adjudicating him guilty of indirect criminal contempt. We reverse.
Barnes, an assistant Public Defender, was found guilty of indirect criminal contempt by the trial court for wilfully failing to make himself available to participate as co-counsel in a criminal trial. However, Barnes had never appeared in court on the case, had never signed any pleadings in the case, and had never assisted the attorney of record, the assigned Public Defender, Lucky Osho (Osho), in preparation of the case.
Osho, apparently lacking self-confidence and doubting his ability to try the case, had *1077 asked Barnes to attend the criminal trial with him. Although Barnes felt Osho was very capable of trying the case, Barnes agreed to informally help Osho in a limited fashion, so long as his own schedule permitted. However, Barnes was never assigned the case nor did he have any responsibility to prepare for or participate in the trial. When the case was set for trial, Osho so advised Barnes, but Barnes had a conflict. Pursuant to Barnes' suggestion, Osho asked the trial court for a continuance based on several grounds, including the grounds that Barnes had a conflict and could not attend the trial on the scheduled date. Unfortunately, Osho's representation to the trial court about Barnes' anticipated role in the case did not accurately reflect what Barnes had agreed to do. In our view, it is Osho's misrepresentation about Barnes' anticipated role in the trial that fostered the confusion and misunderstanding that evolved during the course of the case. Although Barnes was subsequently made aware that the trial court had denied the continuance in spite of his conflict, it is unrefuted that Barnes was never told by anyone, including Osho, that Barnes had been specifically ordered by the trial court to personally appear in court for trial. Furthermore, no written order was entered by the trial judge directing Barnes to appear in court.
Once Barnes learned the continuance had been denied, he advised Osho that he could not attend the trial on the scheduled date and suggested that Osho seek another continuance on the grounds that Barnes was unavailable for trial. But it is unrebutted that Barnes and Osho also agreed that if the trial court denied the continuance, then Osho should try the case himself or ask another attorney to help him. For whatever reason, Osho decided to only seek another continuance of the trial, which was granted, on the grounds that he could not give effective assistance of counsel without the assistance of his co-counsel, Clifford Barnes, and that Barnes was unavailable for trial. Thus, Osho, without Barnes' knowledge or approval, disregarded his agreement with Barnes to try the case himself or seek the assistance of another attorney if the trial court denied the continuance.
Although we sympathize with the trial judge's frustration caused by the trial's delay, we conclude that Barnes did not wilfully disobey any oral or written court order. Based on the peculiar facts of this case, we conclude that the record does not support a finding that Barnes wilfully and intentionally failed to make himself available to participate as co-counsel. Since Barnes never had any notice whatsoever that the trial judge expected him personally to appear for trial, it cannot be said that he wilfully violated a court order that required him to appear. Furthermore, since Barnes otherwise had no obligation to appear in court, we cannot conclude that his knowledge of the denial of a continuance amounted to a willful disregard of a court order.
As this court stated in Hunnefeld v. Futch, 557 So.2d 916 (Fla. 4th DCA 1990):
We recognize that a judgment of contempt is clothed with a presumption of correctness. Krueger v. State, 351 So.2d 47, 49 (Fla. 3d DCA 1977). But, a trial court should use its power to punish criminal contempt cautiously and sparingly, to punish assaults or aspersions upon the authority and dignity of the court or judge and not to avenge personal affronts. Id. A trial court may not hold an individual in contempt of court for violating an order which does not clearly and definitely make the person aware of its command and direction. American Pioneer Casualty Ins. Co. v. Henrion, 523 So.2d 776, 777 (Fla. 4th DCA 1988) (citing Lawrence v. Lawrence, 384 So.2d 279, 280 (Fla. 4th DCA 1980)). There must be proof that the individual intended to disobey the court, which must be proven beyond a reasonable doubt. Id. (citing Florida Ventilated Awning Co. v. Dickson, 67 So.2d 218 (Fla. 1953)). Also, there must be evidence of the individual's intent to disobey the court's order, or, that he or she was guilty of such gross dereliction that the intent will be presumed. Rowe v. Wille, 415 So.2d 79, 81 (Fla. 4th DCA 1982).
*1078 In the instant case, there was no order which clearly and definitely made Barnes aware of its command and direction with regard to him. Nor is there any proof beyond a reasonable doubt that Barnes intended to disobey any court order or that he was guilty of such gross dereliction that the intent can be presumed. Accordingly, we reverse.
REVERSED AND REMANDED.
HERSEY and FARMER, JJ., concur.