PER CURIAM.
Ralph Romano appeals an adjudication for indirect criminal contempt. It appears uncontroverted that the order signed by the trial court materially differed from the court’s oral ruling at the hearing on November 20, 1992; that the appellant father did not receive actual notice of the new ruling until presented with the written order on November 27, 1992; that at that time he was unable to comply with the written visitation order as to the daughter; and that he did comply with the court’s oral and written visitation orders as to the son. We conclude that the record does not support a determination, beyond a reasonable doubt, that the father wilfully disobeyed the court’s order. See Hunnefeld v. Futch, 557 So.2d 916, 917 (Fla. 4th DCA1990); Scrimshaw v. State, 592 So.2d 753 (Fla. 3d DCA1992); Barnes v. State, 588 So.2d 1076 (Fla. 4th DCA1991).
Reversed.