654 So.2d 146 (1995)
Robert WELLS, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2179.
District Court of Appeal of Florida, Third District.
April 19, 1995.
*147 Bennett H. Brummer, Public Defender, and Christina A. Spaulding, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., and Jose M. Medina, Certified Legal Intern, for appellee.
Before BARKDULL, GERSTEN and GREEN, JJ.
PER CURIAM.
Appellant, Robert Wells (Wells), appeals his conviction of indirect criminal contempt for violating a domestic violence injunction. We reverse.
On August 25, 1993, Wells was served with an injunction prohibiting him from "abusing, threatening or harassing" his girlfriend. Further, he was prohibited from "having any contact, direct or indirect" with the girlfriend, or from "entering onto [her] residential premises." On October 17, 1993, Wells was arrested for violating the injunction when police found him shaking the girlfriend's apartment door and rattling her doorknob.
The trial court, after denying Well's request for a jury trial, conducted a bench trial. At trial, Wells argued that the evidence was circumstantial and insufficient to establish Wells' intent to violate the injunction. In his defense, Wells sought to introduce a court transcript of an August 26, 1993, court appearance in front of another judge. At this other post injunction court hearing, Wells was ordered into the girlfriend's custody.
The trial court ruled that the transcript was irrelevant, refused to consider it, and found Wells in contempt. Wells was sentenced to one year probation with counseling and served sixty-one days in jail.
Wells first cites error in the trial court's denial of a jury trial. His contention of error, however, is incorrect. The denial of a request for a jury trial in a contempt proceeding limits the maximum term of imprisonment to six months on a finding of guilt. Aaron v. State, 284 So.2d 673 (Fla. 1973); Floyd v. Bentley, 496 So.2d 862 (Fla. 2d DCA 1986), review denied, 504 So.2d 767 (Fla. 1987).
Here, Wells had served only sixty-one days of imprisonment as part of a sentence including one year probation. Therefore, the trial court properly denied Wells' request for jury trial. We further note that even though Wells' sentence involved a one year probationary term, his total maximum term of imprisonment would still be six months even on a probation violation. See Muniz v. Hoffman, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975).
Wells' second contention that the trial court refused to consider relevant evidence, merits discussion and reversal. Wells sought to introduce, and proffered, a transcript of a traffic court proceeding before another judge, which occurred shortly after the domestic violence injunction was entered. The transcript reflected that Wells was ordered into his girlfriend's custody, with her consent. The trial court determined this evidence to be irrelevant.
Relevant evidence is "evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. (1993). Here the allegation of indirect criminal contempt requires the willful violation of a court order. See Romano v. Russo, 620 So.2d 795 (Fla. 3d DCA 1993); Scrimshaw v. State, 592 So.2d 753 (Fla. 3d DCA 1992); Hunnefeld v. Futch, *148 557 So.2d 916 (Fla. 4th DCA 1990). Intent necessarily is an essential element of contempt. Paul v. Johnson, 604 So.2d 883 (Fla. 5th DCA 1992); Thomson v. State, 398 So.2d 514 (Fla. 2d DCA 1981).
The traffic court order granting custody and supervision to the girlfriend, clearly goes to Wells' intent to violate the injunction, and thus the trial court's determination of irrelevancy was incorrect. Even a judge educated in the nuances of domestic violence, would need to consider whether a violation of an injunction was intentional in light of diametrically opposed court orders.
Accordingly, we reverse Wells' conviction of indirect criminal contempt and remand for the trial court to conduct a new trial inclusive of all relevant evidence.
Reversed and remanded for a new trial.