SALTER, J.
Michele Cavallaro, an active member of The Florida Bar but not a party to the dissolution of her parents’ marriage in the circuit court, appeals an order holding her in contempt and imposing attorney’s fees and costs (on her mother’s motion) against her. We reverse.
In 2012, Nancy Cavallaro, the appellant’s mother, obtained a final judgment dissolving her marriage to the appellant’s father, Michael Cavallaro.[1] Two provisions of the final judgment related to Michele Cavallaro. First, Ms. Cavallaro was directed to pay $47,000.00 from her trust account to her mother within ten days from the date of the final judgment (and any balance in excess of that remaining in the account as well). These funds were proceeds from the sale of a property to a non-party.
Second, the trial court found that Michele Cavallaro was a managing member of “Omni Properties, LLC,” which held title to a Connecticut condominium conveyed by the former husband “so it could not be reached by creditors.” The final judgment determined that the condominium was a marital property. The court directed the former husband and Michele Cavallaro to cause Omni Properties to execute and deliver a quitclaim deed to the condominium to the former wife and former husband, as tenants in common, within thirty days of the date of the judgment. *1123 The property was to be sold and the proceeds were to be divided equally.
Following the entry of the final judgment, the former wife’s attorney forwarded a copy to Michele Cavallaro by email. The email requested Michele Cavallaro to take the actions specified in the final judgment, with the trust account proceeds to be disbursed to the former wife’s attorney’s trust account rather than directly to the former wife. Michele Cavallaro responded by email that (1) the order instructed her to disburse to her mother, not to her mother’s attorney, and (2) “I cannot disburse until the appeals period has run or I would be subject to sanctions by the bar since the funds are being held in trust for both of my clients [her parents] and one or both may appeal from the final order and move for a stay.”
The former wife moved for contempt against her daughter, alleging that Michele Cavallaro was “attempting to supplant her judgment for that of [the trial court].” On behalf of non-party Omni Properties, Michele Cavallaro then moved the trial court to vacate the final judgment of dissolution insofar as it pertained to Omni Properties, to strike the motion for contempt, and to stay the final judgment pending appeal.
At a hearing on October 3, 2012, Michele Cavallaro appeared and explained why she had not yet taken the actions set forth in the final judgment. When the trial court directed her to disburse the trust account funds to her mother’s attorney’s trust account, she agreed to do so. The court’s written order was entered October 11, 2012, and the funds were wired six days later. Regarding the Connecticut condominium, the court declined to further order a transfer of the condominium pending the appeal, but enjoined Michele Cavallaro and Omni Properties from transferring or encumbering the property. The court denied Omni Properties’ motion to vacate the final judgment of dissolution and motion to strike the former wife’s motion for contempt. The court awarded the former wife attorney’s fees and costs against Michele Cavallaro for failure to comply with the final judgment. This appeal followed.

Analysis

To insure the orderly administration of justice, Florida courts have the inherent power to hold parties in contempt for intentionally failing to obey a court order. See § 38.22, Fla. Stat. (2010); Parisi v. Broward Cnty., 769 So.2d 359 (Fla.2000). This contempt power, however, should be exercised cautiously. Smith v. State, 954 So.2d 1191 (Fla. 3d DCA 2007). Generally, when the primary purpose is to obtain compliance with a court order, the proceeding is remedial in nature and is a civil contempt. Dep’t of Children & Families v. R.H., 819 So.2d 858, 861 (Fla. 5th DCA 2002).
Rojo v. Rojo, 84 So.3d 1259, 1261-62 (Fla. 3d DCA 2012) [emphasis provided].
In this case, Michele Cavallaro had not appeared as a party or as counsel for a party prior to the entry of the final judgment of dissolution of marriage. The first opportunity and due process afforded to her for the expression of her concerns regarding the disbursement of her trust account funds (to Nancy Cavallaro’s attorney rather than Nancy Cavallaro herself as specified in the final judgment) and regarding the possibility of an appeal, was the hearing of October 3, 2012. Following the hearing, Michele Cavallaro promptly wired the funds as directed. Her position regarding Omni Properties apparently was persuasive, because the trial judge altered that provision of the final judgment to abate the execution of a deed pending the former husband’s appeal.
“When a finding of contempt is based upon a violation of a court order, *1124 that order must be one which clearly and definitely makes the person aware of its command. Moreover, there must be evidence of the individual’s intent to disobey the court’s order, or ‘that he or she was guilty of such gross dereliction that the intent will be presumed.’ ” Smith v. State, 954 So.2d 1191, 1194 (Fla. 3d DCA 2007) (citing Barnes v. State, 588 So.2d 1076, 1077 (Fla. 4th DCA 1991)) (other internal citations omitted).
Because she acknowledged that she was an attorney and thus an officer of the court, Michele Cavallaro appeared voluntarily at the hearing to enforce the final judgment. She expressed her concerns at the hearing, and she promptly complied with the court’s instructions once those were clarified. There is no indication whatsoever from this record that she raised her concerns in bad faith or to interfere with the orderly administration of justice. The order of contempt and the imposition of attorney’s fees against the appellant are thus vacated.
Reversed.

. Mr. Cavallaro appealed that final judgment. Cavallaro v. Cavallaro, Case No. 3D12-2279, 2014 WL 406838 (Fla. 3d DCA Jan. 29, 2014). We affirmed, per curiam, on January 29, 2013.