IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

M.J., A CHILD,

      Appellant,

 v.                                   Case No.  5D15-3307

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed October 14, 2016

Appeal from the Circuit Court
for Brevard County,
Nancy Maloney, Judge.

James S. Purdy, Public Defender, and
Robert J. Pearce III, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Cheesman,
Assistant Attorney General, Daytona
Beach, for Appellee.


BERGER, J.,

     M.J., a juvenile, appeals the trial court's order finding him in direct criminal

contempt and sentencing him to serve three days in secure detention for using his cell

phone to photograph or film the proceedings in violation of courtroom policy.  Because

the evidence was insufficient to prove beyond a reasonable doubt that M.J. was filming or taking pictures in the courtroom, we reverse.

Direct criminal contempt is governed by Florida Rule of Criminal Procedure 3.830 and, when a juvenile is the contemnor, Florida Rule of Juvenile Procedure 8.150. The rules permit the trial court to summarily punish a defendant for direct criminal contempt if the conduct at issue was actually committed in the presence of the court. McRoy v. State, 31 So. 3d 273, 274 (Fla. 5th DCA 2010). "The purpose of criminal contempt is 'to punish assaults or aspersions upon the authority and dignity of a court or judge', not to avenge personal affronts." Smith v. State, 954 So. 2d 1191, 1194 (Fla. 3d DCA 2007) (quoting Krueger v. State, 351 So. 2d 47, 49 (Fla. 3d DCA 1977)). Direct criminal contempt requires proof beyond a reasonable doubt of "a willful, intentional, or substantial interference and/or interruption of the orderly conduct of the court's business." Berman v. State, 751 So. 2d 612, 614 (Fla. 4th DCA 1999); accord Davila v. State, 100 So. 3d 262, 264 (Fla. 3d DCA 2012) ("The provocation must never be slight, doubtful, or of shifting interpretations." (quoting Schenck v. State, 645 So. 2d 71, 74 (Fla. 4th DCA 1994))).

Furthermore, "[w]hen a finding of contempt is based upon a violation of a court order, that order must be one which clearly and definitely makes the person aware of its command." Smith, 954 So. 2d at 1194 (citing Barnes v. State, 588 So. 2d 1076, 1077 (Fla. 4th DCA 1991)). There must be proof beyond a reasonable doubt that (1) the contemnor had notice of the order, (2) the order was directed at the contemnor, and (3) the contemnor unequivocally and intentionally disobeyed the order or acted in gross dereliction of the order to such an extent that intent can be presumed. § 38.23, Fla. Stat.

2

(2015); Smith, 954 So. 2d at 1194 (citing Barnes, 588 So. 2d at 1194); Knorr v. Knorr, 751 So. 2d 64, 65 (Fla. 2d DCA 1999) (citing White v. State, 592 So. 2d 1184 (Fla. 5th DCA 1992)).

Before adjudicating the defendant guilty of contempt, the court must inform the defendant of the accusation, inquire whether the defendant can show cause as to why he or she should not be held in contempt, and give the defendant the opportunity to present evidence of excusing or mitigating circumstances. Fla. R. Crim. P. 3.830; Fla. R. Juv. P. 8.150; A.W. v. State, 137 So. 3d 521, 523 (Fla. 4th DCA 2014). "The rules of criminal contempt must be strictly followed so as to protect the due process rights of the defendant." State v. Diaz de la Portilla, 177 So. 3d 965, 973 (Fla. 2015) (citing Pugliese v. Pugliese, 347 So. 2d 422, 426 (Fla. 1977)). Here, the trial court accused M.J. of filming in the courtroom in violation of the court's rules. There were no other accusations concerning his conduct.[1]

At the hearing on the order to show cause, testimony from the courtroom bailiffs established that, during court proceedings in his brother's juvenile delinquency case, M.J. raised his phone to chin level with the camera facing the judge and lowered it only when directed to do so by one of the bailiffs. Then the bailiff ordered M.J. to leave the courtroom, and he complied. While the bailiffs testified that an announcement on the court's policy barring cell phone usage in the courtroom was made before every hearing, no one testified whether M.J.'s cell phone was on or whether it was actually used to take

---

[1] The State's allegations, in its brief, of additional contemptuous conduct by M.J. cannot support the final judgment. M.J. was not informed of these allegations by the trial court, and hence, he could not be held in contempt for them. Fla. R. Crim. P. 3.830; Fla. R. Juv. P. 8.150.

3

pictures or record video. Furthermore, no one chose to confiscate or otherwise examine the phone for proof. M.J. admitted to raising his cell phone, but denied taking pictures or video. He claimed he had a video on his cell phone regarding his brother's case and was attempting to get the judge's attention so he could show it to her.

While M.J.'s behavior was perhaps inappropriate, the evidence presented in this case did not meet the standard necessary for a finding of direct criminal contempt. See T.J.L. v. State, 139 So. 3d 503, 505 (Fla. 1st DCA 2014); McRoy, 31 So. 3d at 274. On the record before us, there is no proof beyond a reasonable doubt that M.J. intended to disobey the court's order by filming the proceedings.[2] Accordingly, we reverse the finding of direct criminal contempt and remand with directions to vacate the judgment.

REVERSED and REMANDED.

ORFINGER, J., and CRAGGS, A.M., Associate Judge, concur.

---

[2] It is undisputed that at the time the announcement regarding cell phone usage was made, M.J. was sitting outside the courtroom listening to music in his headphones.

4