166 So.2d 834 (1964)
W.H. BREWTON, Dove C. Falls, Drew Croft, Archie Storch, as the Pasco County Canvassing Board, Petitioners,
v.
Richard KELLY, Respondent.
No. 5183.
District Court of Appeal of Florida. Second District.
August 19, 1964.
*835 William B. Goodson, Dade City, Tom Whitaker, Jr., Tampa, for petitioners.
Richard Kelly, Dade City, in pro. per., Joseph F. McDermott, St. Petersburg, for respondent.
ANDREWS, Judge.
This matter is before the court on Rule Nisi issued upon suggestion for Writ of Prohibition requiring the Honorable Richard Kelly as Judge of the Circuit Court in and for Pasco County to show cause why said Writ should not be issued prohibiting said Judge from proceeding further in that certain cause identified as Case No. 9071 pending in the Circuit Court of Pasco County wherein Ralph J. Lee is plaintiff and Basil Gaines, Leland Thompson, Candidates for Sheriff, and W.H. Brewton, Dove C. Falls, Drew Croft and Archie Storch, as and constituting The Pasco County Canvassing Board, are defendants.
The complaint in the Pasco County Case No. 9071 filed by Ralph J. Lee, as Plaintiff, alleges that in the Democratic Party Primary election held May 5, 1964 in the race for Sheriff, Basil Gaines received 3013 votes, Leland Thomps n 1701 and the Plaintiff Lee received 1682. There were other candidates who received lesser numbers of votes. The complaint alleges irregularities in the counting of absentee ballots, the unlawful conduct of election officials in Precincts 6, 17 and 21, and "other instances of misconduct too numerous to set forth in detail" in the election, and requests that the election be declared void and the election officials required to conduct another primary election.
These are serious charges made against elected officials upon whom the duty is imposed to supervise and conduct elections.
The defendants, W.H. Brewton, Dove C. Falls, Drew Croft and Archie Storch, as and constituting The Pasco County Canvassing Board, by and through their attorney William B. Goodson of the firm of Larkin, Larkin and Goodson, Attorneys of Dade City, filed Suggestion of Disqualification of Judge Richard Kelly on the grounds that said Judge was biased and prejudiced toward their counsel to the extent they believed that they would be unable to obtain a fair and impartial trial of the issues involved in the cause.
The Suggestion of Disqualification was supported by affidavit of William B. Goodson, Attorney for The Canvassing Board, *836 and affidavits of two reputable citizens of Pasco County not related to any of the parties or their counsel of record.
The substance of the affidavits was to the effect that W.M. Larkin and E.B. Larkin, partners of William B. Goodson, were signers of a petition which resulted in a Bill of Impeachment being adopted against the said Richard Kelly by the House of Representatives of the Florida Legislature. It is further shown that E.B. Larkin testified at the impeachment trial before the Senate and assisted the House Manager in the preparation and prosecution of the charges. It is further shown that the attorney for the plaintiff, Harvey V. Delzer, appeared and was one of the attorneys of record for the said Judge Kelly at the impeachment trial.
The affidavits supporting the Suggestion of Disqualification were made by two reputable citizens of Pasco County not related to any of the parties, who said they personally knew Judge Kelly, were familiar with the impeachment proceedings, and believed that Judge Kelly is biased and prejudiced against William B. Goodson as well as his law partners, W.M. and E.B. Larkin, to the extent the defendant will not receive a fair and impartial trial.
Florida Statutes Annotated, § 38.10 sets up the procedure for disqualification of a judge for prejudice. The procedure provides that if a litigant fears that he will not receive a fair trial on account of the prejudice of the judge toward him or in favor of the adverse party, the judge shall proceed no further in said cause. The affidavit which forms the basis of the suggested disqualification is required to state facts and reasons why it is believed that such bias or prejudice exists. Such Suggestion of Disqualification shall be supported in substance by at least two reputable citizens of the County not related to the parties or the counsel for the parties. There must also be an affidavit of good faith by the counsel for the moving party.
Judge Kelly declined to relinquish jurisdiction.
It is not always possible with exact particularity in a matter of this kind to set forth facts as to the process of the human mind, but it is possible to set forth factual circumstances which would lead a reasonable, prudent person to fear and believe that he would not receive a fair trial. A careful examination of the record in this case shows such facts which would prompt a reasonable, prudent person to fear that he would not receive a fair trial under the circumstances set forth therein.
The courts of this State have held that it is proper for a judge to examine the affidavits in support of a Suggestion of Disqualification for the purpose of determining whether or not all the requirements of the statute have been complied with, and to determine its legal sufficiency. He has no right to pass upon the truth or falsity of the facts alleged therein; neither can he adjudicate the question of his disqualification. If he finds the affidavit legally sufficient, he is left no alternative but to retire from the cause as directed by the statute.
Prejudice of a judge is a delicate question to raise, but when raised as a bar to the trial of a cause, if predicated with a modicum of reason, the judge against whom raised should be prompt to recuse himself. No judge under any circumstances is warranted in sitting in the trial of a cause whose neutrality is shattered or even questioned. Dickinson v. Parks, 1932, 104 Fla. 577, 140 So. 459.
It has also been held that prejudice of a judge toward the counsel for a party may be of such degree as to effect a prejudice against the party insofar as disqualifying the judge is concerned. Davis, State ex rel., v. Parks, 1939, 141 Fla. 516, 194 So. 613.
Accordingly, it follows that a Writ of Prohibition should issue from this court prohibiting Judge Richard Kelly from exercising jurisdiction in or making any further order or decree in the suit of Lee v. *837 Gaines, identified as Pasco County Circuit Court Case No. 9071, except to disqualify himself.
It is so ordered.
ALLEN, Acting C.J., and SHANNON, J., concur.