429 So.2d 393 (1983)
Henry McDERMOTT and Lucille McDermott, His Wife, Petitioners,
v.
The Honorable Rhea Pincus GROSSMAN, Judge of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, Respondent.
No. 82-2286.
District Court of Appeal of Florida, Third District.
March 22, 1983.
Rehearing Denied April 25, 1983.
Spence, Payne, Masington & Grossman and Joel Eaton, Miami, for petitioners.
Robert Ginsburg, Dade County Atty., and Roy Wood, Asst. County Atty., for respondent.
Walton, Lantaff, Schroeder & Carson and Michael R. Jenks and Kathleen M. O'Connor, Miami, for Dr. Walid Mnaymneh and Dr. Alfred Ketcham, as amicus curiae.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Diane H. Tutt, Miami, for Dr. Alan L. Schiller as amicus curiae.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Kathleen M. Williams, Miami, for Drs. Latifa Ghandur Mnaymenh, Mario Sandana, Sharon Thompson, Azorides Morales, Public Health Trust of Dade County, d/b/a Jackson Memorial Hospital and The University of Miami d/b/a University of Miami School of Medicine as amicus curiae.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Upon consideration of the petition for writ of prohibition, response thereto, briefs of amici curiae and argument of counsel we conclude that the trial court should have granted petitioners' Florida Rule of Civil Procedure 1.432 motion to disqualify.
Where a lawyer voices his opposition to the election of a judge, it is assumed that the judge will not thereafter harbor prejudice against the lawyer affecting the judge's ability to be impartial in cases in which the lawyer is involved. See Raybon v. Burnette, 135 So.2d 228 (Fla. 2d DCA *394 1961). But where, as here, the petitioners' motion to disqualify (the truth of which must be accepted) alleges that the respondent, having learned that the petitioners' lawyer had opposed the judge's selection to other judicial positions, delivered to the lawyer a "tirade" about his nonsupport of her,[1] then an assumption of nonprejudice can no longer be made. While we agree with respondent that the other grounds for disqualification set forth in the motion do not justify giving the petitioners relief, one sufficient ground is all that is necessary. In our view, the judge's alleged response to the lawyer's action is such a ground and it, by itself, makes well-founded the petitioners' stated fear that they would not receive fair and impartial treatment at the judge's hands.
Finding that the moving papers are sufficient to require disqualification, see Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981), and that the motion was filed without inordinate delay, we grant the writ of prohibition.
Writ issued and case remanded to the Eleventh Judicial Circuit with directions to blind file the case in accordance with established procedures.
NOTES
[1] The respondent's counsel contends that the word "tirade" is neutral and does not sufficiently connote prejudice. We disagree. For the definition of "tirade" and its synonyms, see the American Heritage Dictionary of the English Language (1979).