439 So.2d 960 (1983)
Sally LAMENDOLA and Joseph Lamendola, Her Husband, Petitioners,
v.
The Honorable Rhea Pincus GROSSMAN, Judge of the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida, Respondent.
No. 83-1855.
District Court of Appeal of Florida, Third District.
October 18, 1983.
Rehearing Denied November 17, 1983.
*961 Weaver, Weaver & Lardin and Marilyn P. Liroff, Fort Lauderdale, for petitioners.
Robert A. Ginsburg, County Atty., and Roy Wood, Asst. County Atty., for respondent.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
On the virtually indistinguishable authority of Layne v. Grossman, 430 So.2d 525 (Fla. 3d DCA), rev. denied, 438 So.2d 832 (Fla. 1983), and McDermott v. Grossman, 429 So.2d 393 (Fla. 3d DCA 1983), we conclude that the trial court should have granted petitioners' motion to disqualify. The trial judge's alleged threat to the petitioners' attorney to the effect that the judge would "deal with" the attorney for having "gone over" the judge's head; other allegedly extrajudicial conduct, which was both derogatory of the attorney and tended to undermine the presentation of a client's case; and other alleged incidents of antagonism directed at the attorney, all make well founded the petitioners' stated fear they would not receive a fair and impartial trial at the judge's hands.
Seeing no reason to repeat in greater detail the allegations of the motion to disqualify (which must be accepted as true for the purpose of these proceedings), we find that the moving papers are sufficient to require disqualification, that the motion was filed without inordinate delay under the circumstances of this case, and that the writ of prohibition should be granted. Writ issued and cause remanded to the Eleventh Judicial Circuit with directions that it be blind filed in accordance with established procedures.