GERSTEN, Judge.
This is an appeal from the denial of a motion for a new trial on liability and damages in a medical malpractice action. We reverse.
Appellee, Karen Theobald, brought the underlying action for malpractice against appellants, Charles James, M.D., and James Medical Center, P.A., for an injury to her finger resulting from the removal of a wart. This straightforward case was complicated by the withdrawal of appellants’ first attorney, the pro se appearance of appellant Dr. James, on behalf of himself and the P.A., and the hospitalization of the appellants’ ultimate attorney, which caused several continuances and prevented appellants from obtaining discovery.
The trial judge resisted further continuances. When the appellants’ attorney was hospitalized on the eve of a scheduled trial, the trial judge, in apparent disbelief of the attorney’s illness, telephoned the attorney’s physician to ask whether the attorney was actually ill. Grudgingly, the trial court reset the trial, but advised the litigants that no further continuances would be granted. However, appellants’ attorney notified the court, in writing and by the presence of an associate, that appellants’ attorney had a conflict with a previously scheduled court appearance in Jacksonville, for an older case. The trial court refused to continue the case.
Prior to the last set trial date, appellants filed a motion for the recusal of the trial judge. The motion included affidavits which alleged that the judge was biased against appellants’ attorney because the attorney had represented a client who had sued the judge, while the judge was in private practice. Together with the motion, appellants also included the requisite affidavit that the motion had been made in good faith.
Immediately prior to the beginning of trial, the court denied the recusal motion, stating:
I have reviewed this motion for disqualification. I have reviewed the motion and I believe it is not legally sufficient. The grounds are not legally (sic) and/or they have been otherwise waived.
The trial commenced as scheduled with neither appellants nor their attorney present. Appellee put on her case, and the deposition of Dr. James was read into the record. The court then entered a directed verdict of liability and the jury awarded the appellee $259,000 in damages. A motion for a new trial was denied and this appeal ensued.
Rule 1.432, Florida Rules of Civil Procedure, addresses the disqualification of judges. Subdivision (d) provides:
The judge against whom the motion is directed shall determine only the legal sufficiency of the motion. The judge shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall enter an order of disqualification, and proceed no further in the action. [Emphasis added]
To determine whether a motion to disqualify a judge is legally sufficient, the court must first turn to the literal requirements of rule 1.432, Florida Rules of Civil Procedure and section 38.10, Florida Statutes (1987). Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981).
In order to disqualify a judge for prejudice, section 38.10, Florida Statutes requires an affidavit be filed with the court that states the facts and the reasons for the belief that bias or prejudice exists,* and that an accompanying certificate of counsel of record also be filed to the effect that such affidavit and application are made in good faith. The motion in this case complied with these requirements.
*593 Section 38.10, Florida Statutes also provides:
Whenever a party to any action or proceeding makes and files an affidavit stating that he fears he will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of that court against the applicant or in favor of the adverse party, the judge shall proceed no further, but another judge shall be designated.... [Emphasis added].
The purpose of this section is to free tribunals from bias or prejudice. Suarez v. State, 95 Fla. 42, 115 So. 519 (1928). Judges have no discretion once the legal requirements have been met. The facts alleged in the motion for disqualification must be taken as true, Gieseke v. Grossman, 418 So.2d 1055 (Fla. 4th DCA 1982); Raybon v. Burnette, 135 So.2d 228 (Fla.1961), and if legally sufficient, the judge must disqualify himself. As the Florida Supreme Court enunciated in Hayslip:
Every litigant is entitled to nothing less than the cold neutrality of an impartial judge. It is the duty of Courts to scrupulously guard this right and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question.
Hayslip v. Douglas, 400 So.2d at 557 (quoting State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613, 615 (1939)).
We find that the motion and supporting affidavits were legally sufficient, and the proper procedure, in light of the serious allegation of bias, was for the judge to grant the motion. We also find, based on the circumstances of this case, that the motion was timely filed. Because we decide that a new trial is in order, we do not address appellants’ other contentions.
Accordingly, we reverse and remand with instructions that the case be reassigned to another judge for a new trial.