PER CURIAM.
Irene Olszewska petitions this court for a writ of prohibition disqualifying the trial judge and also appeals the final judgment for removal of tenant.
We grant the writ of prohibition. The verbal altercations that occurred between Olszewska’s attorney and the court require the judge to disqualify himself.
“A judge should be patient, dignified and courteous to litigants, ... lawyers, and others with whom he deals in his official capacity_” Fla. Bar Code Jud. Conduct, Canon 3(A)(3) (1991). When a trial judge leaves the realm of civility and directs base vernacular towards an attorney or litigant in open court, there are sufficient grounds to require disqualification. See, e.g., Lamendola v. Grossman, 439 So.2d 960 (Fla. 3d DCA 1983); Brown v. Rowe, 96 Fla. 289, 118 So. 9 (1928) (once a basis for disqualification has been established, prohibition is both appropriate and necessary).
On the merits, we find that the order of default was improper.[1] Section 83.-60, Florida Statutes (1989), provides that:
(2) In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due. The court *12 shall notify the tenant of such a requirement. Failure of the tenant to pay the rent into the registry of the court as provided herein constitutes an absolute waiver of the tenant’s defenses other than payment, and the landlord is entitled to an immediate default without further notice or hearing thereon. (Emphasis added.)
The plaintiff’s complaint did not claim rental payments in arrears. The alleged lease in this case provided a rental rate of five dollars per week, yet its holdover provision charges three hundred fifty dollars per week. This disparity requires the trial court to determine the appropriate rental rate. There is no evidence that such a hearing took place, nor is there any evidence that Olszewska received adequate notice of the requirement to place the proper amount into the circuit court registry.
Accordingly, we grant petitioner’s writ of prohibition and reverse and remand the order of default to the trial court for further proceedings consistent with this opinion.

. The writ of prohibition invalidates the final judgment for removal of tenant because the order was entered after the motion to disqualify was denied.