592 So.2d 774 (1992)
TOWN CENTRE OF ISLAMORADA, INC., Clarence Hobdy, Margaret Hobdy, Edward Hulse, Audrey Hulse, Leonard Latronico, Celia Rodriguez, Virginia Siedor, Kurt Winselmann, and Mary Winselmann, Petitioners,
v.
The Honorable J. Jefferson OVERBY, Circuit Judge, Respondent.
HOLIDAY ISLE RESORT & MARINA, INC., Petitioner,
v.
The Honorable J. Jefferson OVERBY, Circuit Judge, Respondent.
Nos. 91-1845, 91-1873.
District Court of Appeal of Florida, Third District.
January 28, 1992.
Rehearing Denied February 25, 1992.
Mattson & Tobin and James S. Mattson, Key Largo, for Petitioners Town Centre of Islamorada, et al.
Knecht & Knecht and Michael C. Knecht, Miami, for petitioner Holiday Isle Resort & Marina, Inc.
Robert A. Butterworth, Atty. Gen., and George L. Waas, Asst. Atty. Gen., Tallahassee, for respondent.
Curtis Grodin and Joseph H. Kelinson, Asst. County Attys., Key West, intervenor, for Monroe County, Case No. 91-1845.
Fertig & Gramling and Donna E. Albert, Ft. Lauderdale, intervenor, for Dolphin Plus, Case No. 91-1845.
Anderson, Moss, Parks, Meyers & Sherouse and Thomas M. Sherouse, Miami, intervenor, *775 for Agramonte, Case No. 91-1873.
Before FERGUSON, LEVY and GODERICH, JJ.
PER CURIAM.
Petitioners seek a writ of prohibition directing the trial judge to disqualify himself on three unrelated civil cases in which the law firm of Mattson & Tobin, P.A., is counsel for petitioners. Motions for disqualification filed in all three cases were denied petitioners. The affidavits alleging the basis for disqualification set forth the following facts:
At a luncheon meeting of the local bar association on July 11, 1990, Attorney Mattson announced that he planned to file suit against the clerk and judges of the 16th circuit challenging a local rule which required that a notice of hearing be filed with each motion.[1] In a July 19, 1990, court hearing, Judge Overby stated that he would make no rulings in Mattson & Tobin cases because Chief Judge Fowler had imposed a stay in the law firm's cases until the Ethics Committee issued an opinion on the propriety of Mattson's remarks at the bar luncheon. Tobin informed the court that Judge Fowler had lifted the stay and that Mattson's suit would be a "friendly suit." Judge Overby responded that he did not consider a threat of a lawsuit to be friendly and that the remark might warrant disciplinary measures by the Florida Bar.
Based on the above incidents, Judge Overby, between July 1990 and March 1991, granted motions for disqualification filed by Mattson & Tobin's clients in nineteen cases. On July 1, and July 9, 1991, one month after two of petitioners' cases were filed by Mattson & Tobin, Town Centre of Islamorada v. Monroe County, (XX-XX-XXX), and Hobdy v. Dolphins Plus, Inc., (XX-XX-XXX), the litigants filed motions to disqualify Judge Overby.
On May 6, 1991, five months after filing, the litigants in the third case of Agramonte v. Holiday Isle Resort & Marina, Inc., (XX-XX-XXX), filed a motion to disqualify Judge Overby. As grounds for disqualification they alleged that the judge harbored prejudice toward Mattson & Tobin. Significantly, however, Mattson & Tobin was brought in as local counsel in the case after it had been assigned to Judge Overby. A formal Notice of Appearance for Mattson & Tobin was not filed until one week after the motion for disqualification was made.
Judge Overby denied all three motions as untimely and legally insufficient. We affirm the trial court's order relating to Agramonte, but reverse the orders relating to Town Centre and Hobdy.
Bias or prejudice against a litigant's attorney is grounds for disqualification where the prejudice is of such a degree that it adversely affects the client. Ginsberg v. Holt, 86 So.2d 650 (Fla. 1956); State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613 (1939); see generally Annotation, Disqualification of Judge for Bias Against Counsel for Litigant, 23 A.L.R.3d 1416 (1969); 48A C.J.S. Judges § 110, at 739 (1981). Therefore, a writ of prohibition granting disqualification has been issued in Florida under the following circumstances: where the judge "directs base vernacular towards an attorney ... in open court," Olszewska v. Ferro, 590 So.2d 11 (Fla.3d DCA 1991); the judge says he will "deal with" attorney for having "gone over" his head, Lamendola v. Grossman, 439 So.2d 960 (Fla.3d DCA 1983); the judge states that client's attorney "should not be in this case." Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981); the judge delivers a tirade about the lawyer's opposition to the judge's appointment to other judicial positions, McDermott v. Grossman, 429 So.2d 393 (Fla. 3d DCA 1983); or where attorneys for petitioners had testified against the judge at impeachment proceedings brought against the judge. Brewton v. Kelly, 166 So.2d 834 (Fla.2d DCA 1964).
We conclude that the allegations in the verified motions for disqualification, *776 based on the trial judge's comments and actions in the first two cases, were legally sufficient to support the claims of fear of prejudice. Fischer v. Knuck, 497 So.2d 240 (Fla. 1986). In view of the extra-judicial dispute between the judge and counsel, which occurred just eleven months prior to the filing of these cases, the litigants could reasonably have concluded that they would not receive a fair trial before the assigned judge. Livingston v. State, 441 So.2d 1083 (Fla. 1983).
In the case of Agramonte v. Holiday Isle Resort & Marina, our holding is different. Mattson & Tobin accepted the case as local co-counsel with full knowledge that it was already assigned to Judge Overby. For that reason, the parties had no basis for a claim of judicial animosity. Ordinarily, a party may not bring an attorney into a case after it has been assigned to a judge, and then move to disqualify the judge on grounds that the judge has a bias against the attorney. See Brown v. Dugger, 547 So.2d 1281 (Fla.3d DCA 1989) (issue of recusal may be waived); Annotation, Waiver or Loss of Right to Disqualify Judge by Participation in Proceedings, 24 A.L.R. 4th 870 (1983).
The petition for writ of prohibition is granted in case 91-1845 and denied in case 91-1873.
NOTES
[1] The challenge was successful. This court held, in Mattson v. Kolhage, 569 So.2d 1358 (Fla. 3d DCA 1990), that the clerk was required to accept all motions presented for filing in pending cases with or without notices of hearing.