614 So.2d 639 (1993)
Brian BRAISTED, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2378.
District Court of Appeal of Florida, Fourth District.
February 24, 1993.
Fred Haddad, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Brian Braisted, an assistant public defender, appeals from an adjudication of direct criminal contempt of court and a $200 fine. We reverse.
During a criminal jury trial, the trial court commented to appellant that it was tired of appellant's facial expressions and of appellant's "playing to the crowd." Prior to closing argument, the judge told appellant, "If you would do something dramatic, I might be dramatic also, you know." Appellant then proceeded with his closing argument. When the jury retired to deliberate, the judge attempted to proceed with a contempt hearing against appellant under Florida Rule of Criminal Procedure 3.830, which addresses direct criminal contempt. The prosecutor, however, asked the court to issue an order to show cause why appellant should not be held in direct criminal contempt. The court stated:
I'll give you the opportunity. Would you type up my comments to Mr. Braisted this morning that I was prepared, somebody told me to be prepared for some dramatics or some conduct, that I was going to really be surprised and that I personally talked to him about it prior to the argument that I did [] not want any surprises or anything dramatic, that I would be more dramatic.
Appellant then presented a defense to the court. After trial was concluded and the trial court excused the jury, the court advised appellant that it found him in direct criminal contempt of court. The court subsequently signed an order to show cause *640 and set the cause for hearing. After the hearing, the court adjudged appellant guilty of direct criminal contempt.
We hold that the trial court's admonition to appellant not to be "dramatic" lacked an injunction sufficiently specific to apprise appellant of the behavior being enjoined. "A trial court may not hold an individual in contempt of court for violating an order which does not clearly and definitely make the person aware of its command and direction." Barnes v. State, 588 So.2d 1076, 1077 (Fla. 4th DCA 1991); American Pioneer Cas. Ins. Co. v. Henrion, 523 So.2d 776, 777 (Fla. 4th DCA 1988). Had a proper warning been given, this court has nevertheless recognized that the standard for criminal contempt proceedings is higher than the standard of proof that is required in civil contempt proceedings. In the latter, a preponderance of the evidence will suffice, while in the former, the conduct must be provable beyond a reasonable doubt. Mrha v. Circuit Court, 537 So.2d 182, 184 (Fla. 4th DCA 1989). From this record we cannot conclude that appellant intentionally and willfully disregarded any specific court rulings, much less so beyond a reasonable doubt. We reverse the trial court's adjudication of direct criminal contempt. Consequently, we need not address appellant's remaining points on appeal.
HERSEY, STONE and POLEN, JJ., concur.