634 So.2d 672 (1994)
BAY BANK & TRUST COMPANY, John Christo, Jr., and John Christo III, Petitioners,
v.
Gerald LEWIS, in his official capacity as Comptroller of the State of Florida, and the Department of Banking and Finance, State of Florida, Respondents.
No. 93-2669.
District Court of Appeal of Florida, First District.
March 2, 1994.
*674 William A. Friedlander, S. Craig Kiser and Raymond B. Vickers, Tallahassee, for petitioners.
Albert T. Gimbel, Office of the Comptroller, Alan C. Sundberg and Sylvia Walbolt of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for respondents.
ZEHMER, Chief Judge.
Bay Bank & Trust Company, John Christo, Jr., and John Christo III petition this court for a writ of prohibition, alleging that Gerald Lewis, as Comptroller of the State of Florida, erroneously denied their motion for his disqualification on grounds of bias in an administrative proceeding. We have jurisdiction. Caleffe v. Vitale, 488 So.2d 627 (Fla. 4th DCA 1986); Mobil v. Trask, 463 So.2d 389 (Fla. 1st DCA), rev. denied, 476 So.2d 674 (Fla. 1985). Because Lewis properly denied the motion as legally insufficient, we deny the petition for writ of prohibition.

*675 I. FACTS
In March 1992, Lewis, as head of the Florida Department of Banking and Finance, filed an administrative complaint against Bay Bank & Trust Co., which sought to recover a specially imposed bank examination fee and associated fines and penalties. A second complaint, filed in May 1992, sought a cease and desist order against the Bank for the purpose of removing John Christo, Jr., and John Christo, III, as directors of the Bay Bank and prohibiting them from serving in a similar capacity in other Florida-regulated financial institutions. These administrative complaints arose out of a 1991 examination of Bay Bank that lead the department to conclude that the bank had engaged in unsafe and unsound banking practices. In June 1992, the Christos and Bay Bank petitioned for formal administrative hearings on each complaint pursuant to subsection 120.57(1), Florida Statutes, and the department granted those requests. The cases were referred to the Division of Administrative Hearings (DOAH) and consolidated for an evidentiary proceeding. The hearing began on February 8, 1993, and concluded on July 6, 1993. At the time oral argument was heard by this court, the hearing officer had not yet issued recommended orders.[1]
On February 5, 1993, Bay Bank and the Christos served Lewis as agency head with a motion to disqualify him from considering the recommended orders and issuing final orders in the proceedings described above. According to the allegations in the motion, Lewis is biased and prejudiced against Petitioners and their counsel based on the facts set forth in part in the motion itself, but based principally on matters set forth in a memorandum of law and attached exhibits filed with the DOAH hearing officer in support of a motion to compel discovery. The motion for disqualification alleged that one of the movants' defenses raised in the DOAH proceedings was selective and vindictive prosecution by the department, which put Lewis's personal and political motives and conduct at issue. The hearing officer denied discovery on these issues, but accepted Petitioners' proffer of evidence during the hearing. The motion also alleged that Petitioners had filed suit against Lewis in the United States District Court to recover damages against Lewis personally for instituting the administrative proceedings against Petitioners.
By order of July 26, 1993, Lewis denied the motion for disqualification on several grounds. He concluded that the motion was untimely under section 120.71, Florida Statutes, and that even disregarding lack of timeliness, the motion and supporting matter did not demonstrate legally sufficient grounds to require his disqualification. The order noted that in 1983 the legislature amended subsection 120.71(1)[2] by deleting the phrase "or other causes for which a judge may be recused" and concluded that the legislature thereby intended that different standards should apply to the disqualification of agency heads in administrative proceedings than to the disqualification of judges. Regarding the motion's allegations of Lewis's "personal involvement" in the administrative decisions as a basis for disqualification, the order ruled that the statutory schemes at issue specifically require him to serve investigative, prosecutorial, and adjudicative functions in disciplinary matters and that the courts have consistently found that this blending of roles does not create an unconstitutional risk of bias, citing Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), and Winslow v. Department of Professional and Occupational Regulation, 348 So.2d 352 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 716 *676 (Fla. 1978). The order stated that the allegations of Lewis's bias against the Bank, the Christos, and their counsel were "wholly conclusory" and unsupported by any allegations of underlying facts that demonstrate such bias. The order ruled that the movants' incorporation by reference of the legal memorandum filed in the DOAH proceedings to compel discovery was "legally insufficient to establish the requisite factual predicate for [the] disqualification motion."
Nevertheless, Lewis considered the matters set forth in the affidavits of John Christo, Jr., and Irene Christo attached to the memorandum of law. In his affidavit, John Christo, Jr., averred that he had previously enjoyed a "cordial" relationship with Lewis prior to 1990, but that he did not contribute to Lewis's 1990 reelection campaign, and thereafter Bay Bank was subjected to regulatory criticism. The order concluded that these facts, without more, did not establish a causal relationship supporting any improper motive or bias on the part of Lewis and thus did not demonstrate a "well-founded" fear of bias and prejudice. The order noted that the Florida Supreme Court had rejected campaign contribution activity as a basis for disqualification in MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla. 1990). Irene Christo's affidavit described strained relations between John Christo, III, and Linda Townsend, a bureau chief with the Department of Banking and Finance, but the order concluded that such information, even if true, was not relevant to the question of Lewis's personal bias.
The order noted that the courts have rejected the argument that a judge must be disqualified whenever a party brings a separate action naming the judge as a defendant, because approval of these grounds would permit a party to control who would judge his case merely by bringing suit against those judges he would seek to avoid, citing Dowda v. Salfi, 455 So.2d 604 (Fla. 5th DCA 1984). Lewis adopted this reasoning in rejecting the allegations of the federal action as a basis for disqualification.
Finally, the order rejected the contention that Lewis should not sit in review of the hearing officer's decision to deny discovery concerning the department's selective and vindictive prosecution, finding these claims to be factually unsupported and to suffer the same defects as the other grounds; that is to say, any regulated party who wished to disqualify an agency head for any reason, whether valid or not, would merely have to make a "vindictive prosecution" allegation to achieve that end.

II. PROCEEDINGS IN THIS COURT
In an earlier proceeding filed in this court in May 1993, Petitioners sought relief by petition for prohibition (case number 93-1488) to disqualify Lewis from acting as agency head in the pending administrative proceedings against the Bank and the Christos. We determined that the request for relief was premature because Lewis had not yet acted on the motion for disqualification, and the petition was denied solely for that reason.[3]
After Lewis entered the order denying the motion for disqualification, the Bank and the Christos filed the instant petition for writ of prohibition, and had an order to show cause served on the Respondents. A response to the show cause order and a reply thereto were received, and oral argument was heard. The arguments of the parties were substantially the same as those set forth in the motion and order, with some embellishment.
Petitioners, relying on the factual background of the dispute previously described, argue that while section 120.71, Florida Statutes, expressly provides for disqualification of an agency head for bias upon the filing of a suggestion within a reasonable time prior to the agency proceeding, the Administration Commission has not fulfilled the legislative direction to promulgate rules to implement *677 the statute.[4] Petitioners, relying upon City of Tallahassee v. Florida Public Service Commission, 441 So.2d 620 (Fla. 1983), argue that the identical standard for disqualification of judges is to be applied to the disqualification of agency heads. Petitioners describe the alleged involvement of their attorneys in support of attempts to impeach Lewis and to change his office as head of the Department of Banking and Finance from an elected position to an appointed one. These activities, together with the withdrawal of political and financial support for Lewis by Bay Bank and the Christos, are said to evidence "longstanding and increasing animosity between Lewis and the [petitioners] and their attorneys." In support of this argument, Petitioners cite Florida cases wherein trial judges were required to disqualify themselves on the basis of strained relations with parties or counsel. James v. Theobald, 557 So.2d 591 (Fla. 3d DCA 1990); Jenkins v. Fleet, 530 So.2d 993 (Fla. 1st DCA 1988); Turner v. Cooper, 267 So.2d 85 (Fla. 4th DCA 1972); Brewton v. Kelly, 166 So.2d 834 (Fla. 2d DCA 1964). Petitioners argue that Lewis must be disqualified on the grounds alleged in the motion because the conclusion in Lewis's order that there is no factual basis for disqualification is refuted by evidence presented at the hearing before the DOAH hearing officer, by the affidavit of John Christo, Jr., appended to an emergency motion for temporary injunction,[5] and by the attachments to the petition for writ of prohibition in case number 93-1448 that had been denied as premature.
Respondents contend, first, that the Department of Banking and Finance is not a proper party to this proceeding, a proposition with which we fully agree. Respondent Lewis points out that Petitioners are placing great reliance on matters which are not properly part of the record for purposes of this proceeding. For example, Petitioners rely on affidavits and attachments to the petition that were filed with this court in case number 93-1448 but which were not filed with the department and not made available for consideration by Lewis in ruling on the motion for disqualification. Lewis contends that the proper "record" in this original proceeding consists only of the matters that were before him when he considered the motion for disqualification. Lewis argues that his conclusion that the motion was untimely under section 120.71 was correct and has not been refuted by Petitioners. Lewis states that Petitioners' reliance on City of Tallahassee v. Florida Public Service Commission for the proposition that the judicial standard for disqualification should be applied to him is incorrect because that case was decided under the language of section 120.71 deleted by the 1983 amendment. Addressing the specific allegations of bias, Lewis cites Withrow and Winslow as supporting his decision to reject the assertion that his role in initiating the administrative charges against Respondents serves as a proper basis for his disqualification. Lewis notes that the assertion that Petitioners' counsel was involved in a move to impeach him was not raised in the motion for disqualification. Likewise, case law supports the conclusion that the federal suit filed against him by Petitioners cannot serve as grounds for disqualification. In summary, Lewis contends that the facts alleged in the motion do not establish a legally sufficient basis for a well-founded fear of bias or prejudice.
In their reply, Petitioners suggest that the respondent's argument regarding the scope *678 of the record is misplaced, as this is an original proceeding, not an appeal. Petitioners contend that their motion to disqualify Lewis was timely filed, and that it alleged facts sufficient to establish a fear of prejudice and bias requiring the agency head's disqualification.

III. DISPOSITION
We first address whether the motion for disqualification was timely filed. Section 120.71 requires such a motion to be filed "within a reasonable period of time prior to the agency proceeding... ." Petitioners argue that without a definition of "agency proceeding" by statute or rule, they cannot be held to know when the relevant time period begins to run. Respondents argue that the "agency proceeding" commenced upon the filing of the petition for a section 120.57 evidentiary hearing and, because the motion for disqualification was filed ten and eight months, respectively, after the two petitions for formal hearings were filed, manifestly the motion was untimely. While Respondents' argument is not without appeal, because there is no statutory or rule definition of "agency proceeding" for purposes of section 120.71, we are unwilling to reach the conclusion that the motion for disqualification was untimely in this case.[6] Rather, we conclude that the issues before us can be decided on other grounds.
We next address the issue of the proper "record" to be considered in support of the petition. Although a petition for writ of prohibition is an original proceeding in the purest sense, its purpose in the case before us is to determine, not whether the judicial or quasi-judicial officer involved should be disqualified for bias or other reasons, but whether such an officer has exceeded the jurisdiction of the office by denying a clearly valid motion for disqualification. People Against Tax Revenue Mismanagement, Inc. v. Reynolds, 571 So.2d 493, 496 n. 1 (Fla. 1st DCA 1990); Walker v. State, 552 So.2d 333 (Fla. 4th DCA 1989). We do not decide disputed issues of fact in such a proceeding, but assume, as must the agency head, that all allegations of fact in the motion are true. This is, therefore, a proceeding to review the legal sufficiency of the motion for disqualification together with supporting matter to determine whether the order denying it is correct. Thus, as asserted by the respondent, the scope of our review is properly limited to those matters which were presented to him as part of the motion for disqualification.[7]
Petitioners' motion for disqualification filed in this case was exceptionally general in the allegations of bias and prejudice: it failed to allege specific facts relied on to objectively establish a sufficient ground for fear of such bias and prejudice. Instead, the motion informally incorporated by reference the lengthy appendix to the memorandum of law filed with the DOAH hearing officer in connection with the motion to compel discovery. Lewis, in acting on the motion to disqualify, disapproved of this procedure, and correctly so in our opinion. We agree that the motion should have attached to it all documents relied on to support the allegations.
Nevertheless, Lewis proceeded to consider the merits of the motion as if the supporting affidavits were properly before him. We agree that even considering those matters, the motion to disqualify Lewis was not facially sufficient.
The 1983 Florida Legislature deleted the phrase "or other causes for which a judge *679 may be recused" from section 120.71, Florida Statutes, so we must assume that the statute was intended to have a different meaning after its amendment. Seddon v. Harpster, 403 So.2d 409, 411 (Fla. 1981). Thus, while a moving party may still disqualify an agency head upon a proper showing of "just cause" under section 120.71, the standards for disqualifying an agency head differ from the standards for disqualifying a judge. This change gives recognition to the fact that agency heads have significantly different functions and duties than do judges. Were we to give section 120.71 the same meaning as that given it in City of Tallahassee v. Florida Public Service Commission, the 1983 amendment to section 120.71 would serve no purpose whatsoever.
In respect to the specific allegations of bias and prejudice in the motion for disqualification, we conclude that Lewis correctly found them to be legally insufficient. The agency head necessarily serves as investigator, prosecutor, and adjudicator in disciplinary proceedings, and Withrow and Winslow clearly hold that this procedure is neither violative of due process nor an adequate ground to disqualify the agency head. Petitioners have failed to show any connection between their cessation of campaign support and the Department's commencement of regulatory proceedings against them other than a temporal circumstance which, without more, is simply too tenuous and speculative to require disqualification of the agency head. Actions by the Christos and their attorneys in support of efforts to obtain the impeachment of Lewis or to change his office to an appointed one was never raised in the motion as a ground for disqualification. Moreover, Petitioners' suit against Lewis in federal court is not a valid reason to require his disqualification, Dowda v. Salfi; and the allegations of "vindictive and selective prosecution" are insufficient for the same reason.
Accordingly, the petition for writ of prohibition is DENIED.
MICKLE and LAWRENCE, JJ., concur.
NOTES
[1] When this court issued the order to show cause on the petition for writ of prohibition, proceedings in the lower tribunal, which arguably included DOAH, were stayed in accordance with Florida Rule of Appellate Procedure 9.100(f). By subsequent order, that stay was modified so that the hearing officer could proceed to issue recommended orders.
[2] Subsection 120.71(1), Florida Statutes (1993), provides in part:

(1) Notwithstanding the provisions of s. 112.3143, any individual serving alone or with others as an agency head may be disqualified from serving in an agency proceeding for bias, prejudice, or interest when any party to the agency proceeding shows just cause by a suggestion filed within a reasonable period of time prior to the agency proceeding.
[3] If the agency head had not acted on the motion for disqualification within a reasonable time, Petitioners' proper remedy would be to seek a petition for writ of mandamus. See, e.g., Department of Business Regulation, Division of Pari-Mutual Wagering v. Hyman, 417 So.2d 671 (Fla. 1982).
[4] We note that rule 28-5.108, Florida Administrative Code, requires that motions for the disqualification of a "presiding officer" be made at least "five days prior to the date scheduled for the final hearing." "Presiding officer" is defined in rule 28-5.102 to mean "an agency head, or member thereof, who conducts a hearing on behalf of the agency, a Hearing Officer assigned by the Division of Administrative Hearings, or any other person authorized to conduct administrative hearings." It is not clear in the circumstances of this case  where the agency head had referred the matter to DOAH for an evidentiary hearing presided over by a DOAH hearing officer  that this five day limitation rule has any applicability. We draw this lack of precision in the rules to the attention of the Administration Commission for consideration and clarification.
[5] The affidavit was filed in the federal district court action in support of Petitioners' claim for injunctive relief, which was denied by that court.
[6] This court sua sponte has considered the possibility that the motion for disqualification was in fact premature, rather than tardy. Subsection 120.57(1)(b)3 provides that when a matter has been referred to DOAH for an evidentiary hearing, "[t]he referring agency shall take no further action with respect to the formal proceeding, except as a party litigant, as long as the division has jurisdiction over the formal proceeding." We have concluded that the phrase "with respect to the formal proceeding" should be read as applying only to the matters at issue before the DOAH hearing officer, so that the agency head continues to have jurisdiction to consider and act on a motion for his or her disqualification during the time DOAH has the matter before it.
[7] Upon motion of respondent, this court, by unpublished order, struck from Petitioners' appendix matters not before Lewis at the time of his consideration of the motion for disqualification, which consisted primarily of materials contained in the appendix filed with the petition in case number 93-1448.