638 So.2d 179 (1994)
Sigmund FEUERMAN, Petitioner,
v.
Honorable J. Jefferson OVERBY, Judge, Circuit Court 16th Judicial Circuit, Monroe County, Florida, Respondent.
No. 93-2474.
District Court of Appeal of Florida, Third District.
June 14, 1994.
As Corrected June 28, 1994.
Fred Haddad, Ft. Lauderdale, for petitioner.
*180 Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
Petitioner, Sigmund Feuerman, seeks a writ of prohibition to disqualify the trial judge in the underlying criminal prosecution. After reviewing the record, we are compelled to conclude that prior incidents between the trial judge and defense counsel support the petitioner's allegations that he has a reasonable fear he will not receive impartial treatment. We grant the petition and issue the writ.
Fred Haddad represents Feuerman, who is a defendant in a criminal prosecution. Mr. Haddad filed a motion to disqualify the trial judge, J. Jefferson Overby. The motion was accompanied by Feuerman's affidavit asserting his fear that the judge was prejudiced against his attorney, as evidenced by certain letters the trial judge wrote to The Florida Bar regarding Haddad in an unrelated case, and letters Haddad wrote to the Bar concerning the judge's judicial qualifications.
The trial judge wrote a letter to a Bar grievance committee to institute grievance proceedings against "the attorneys" in another case. In that case, Mr. Haddad had represented an attorney who had offended Judge Overby by filing pleadings the judge considered premature.[1] The judge's request caused the Bar to commence grievance proceedings against Mr. Haddad, whose sole role had been as counsel for the offending attorney. The matter was subsequently dismissed, but in the meantime, Mr. Haddad had written the Florida Bar requesting referral of the matter to the Judicial Qualifications Commission [JQC] in order to institute proceedings against the trial judge. Feuerman relies on this series of events to seek disqualification. The trial court denied Feuerman's motion for disqualification on the ground that the motion was not legally sufficient. Feuerman filed the petition before us.
This court's holdings in James v. Theobald, 557 So.2d 591 (Fla. 3d DCA 1990), and Town Centre of Islamorada, Inc. v. Overby, 592 So.2d 774 (Fla. 3d DCA 1992), mandate granting the petition for writ of prohibition. In James, the court held that a motion for recusal based on an attorney's representation of a client in a lawsuit against a judge while the judge was in private practice was legally sufficient to merit recusal. This case presents analogous circumstances: the judge filed a grievance against the attorney and the attorney subsequently filed a complaint with the Bar requesting that the judge be referred to the JQC. Although the Bar and the JQC conduct the proceedings, here, as in James, the attorney and the judge have taken the initial steps. In Town Centre of Islamorada, 592 So.2d at 776, this court granted a petition for writ of prohibition holding that "[i]n view of the extra-judicial dispute between the judge and counsel" trial judge should have granted a motion for recusal.
Where the allegations in verified motions for disqualification based on a trial judge's actions in previous proceedings support a claim of fear of prejudice, the motions are legally sufficient. Fischer v. Knuck, 497 So.2d 240 (Fla. 1986). "Bias or prejudice against a litigant's attorney is grounds for disqualification where the prejudice is of such a degree that it adversely affects the client." Town Centre of Islamorada, 592 So.2d at 775; Brewton v. Kelly, 166 So.2d 834 (Fla. 2d DCA 1964). Under the circumstances before us, we find that petitioner's fears that he will not receive a fair trial are reasonable. The time elapsed since the judge and defense counsel filed their grievances is not likely to have erased their apparent mutual ill-will. We grant the motion on the authority of Town Centre of Islamorada and James.
Moreover, the motion to disqualify, filed one day after the assignment of the trial judge, is timely under Florida Rule of Judicial Administration 2.160(e). The motion, accompanied by affidavits, is legally sufficient under Florida Rule of Judicial Administration 2.160 and section 38.10, Florida Statutes (1993). MacKenzie v. Super Kids Bargain Store, 565 So.2d 1332 (Fla. 1990); Livingston *181 v. State, 441 So.2d 1083 (Fla. 1983); Chastine v. Broome, 629 So.2d 293 (Fla. 4th DCA 1993).
Based on the foregoing reasons, we grant the petition for writ of prohibition and remand for entry of an order disqualifying the trial judge.
HUBBART and BASKIN, JJ., concur.
COPE, Judge (dissenting).
I agree with the majority that the motion for disqualification was timely, but disagree on the issue of legal sufficiency. The trial court is, of course, free to withdraw under Florida Rule of Judicial Administration 2.160(i).
NOTES
[1] The clerk of the court, however, had returned the pleadings and they had not been filed.