PER CURIAM.
We withdraw our earlier opinion and substitute the following:
Diane Edwards (Diane) and her minor child seek a writ of prohibition directing respondent to disqualify himself as judge after respondent denied petitioners’ third verified emergency motion for disqualification. Under the facts of this case, we believe petitioners have a reasonable fear that they will not receive a fair trial before respondent. Accordingly, we grant the writ of prohibition.
Petitioners are the respondents in a dissolution proceeding below in which the husband contests paternity of the minor child. Respondent, the Honorable Robert Lance Andrews, is the trial court judge. After respondent entered an order requiring Diane to undergo a second blood test, Diane’s attorney placed several phone calls in an attempt to schedule the blood test. Finally, Diane’s attorney called the testing company and falsely stated she was calling from Judge Andrews’ office.
This misrepresentation led Judge Andrews to report petitioners’ attorney to the Florida Bar, which found probable cause to file a formal complaint against the attorney for various ethics violations. Subsequently, petitioners filed a motion for disqualification grounded on the initiation of the bar complaint and the resulting litigation that may follow. Respondent denied this motion and the instant petition followed.
The judge against whom a motion for disqualification is filed is permitted to determine only if the facts alleged, assumed to be true, would make a reasonable person fear that he or she would not get a fair and impartial trial before the named judge. Fla.R.Jud.Admin. 2.160(d)(1); § 38.10, Fla. Stat. (1993); Gieseke v. Grossman, 418 So.2d 1055, 1057 (Fla. 4th DCA 1982). Prejudice against a litigant’s attorney is grounds for disqualification where the prejudice is of such a degree that it adversely affects the client. Ginsberg v. Holt, 86 So.2d 650 (Fla.1956); Town Centre of Islamorada, Inc. v. Overby, 592 So.2d 774 (Fla. 3d DCA 1992).
In the instant case, the Florida Bar complaint, which arose out of the very lawsuit before Judge Andrews, places Judge Andrews and petitioners’ attorney in an adversarial position. If the bar litigation proceeds, the trial judge could be called as a witness against petitioners’ attorney. Under these particular circumstances, a reasonable person would fear that he or she would not receive a fair and impartial trial because of the trial judge’s conceivable prejudice against the attorney. See Michaud-Berger v. Hur *679 ley, 607 So.2d 441 (Fla. 4th DCA 1992); Feuerman v. Overby, 638 So.2d 179 (Fla. 3d DCA 1994) (petitioner’s fear of not receiving a fair trial was reasonable where the judge had filed a grievance against the attorney and the attorney had requested the judge be referred to the Judicial Qualifications Commission). Accordingly, we grant and issue the writ of prohibition. We direct the respondent judge to recuse himself in this matter and we instruct the Chief Judge of the Circuit Court for the Seventeenth Judicial Circuit to cause the case to be reassigned for trial.
WRIT OF PROHIBITION GRANTED.
GLICKSTEIN and GUNTHER JJ., concur.
STONE, J., dissents without opinion.