650 So.2d 666 (1995)
Alan LEVINE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0082.
District Court of Appeal of Florida, Fourth District.
February 15, 1995.
Fred Haddad, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
Appellant, Alan Levine (Levine), defendant below, appeals Judge Goldstein's order holding Levine in contempt of court and imposing a fine of $500. Levine was found guilty of disobeying an order prohibiting negative impeachment during cross-examination of a witness in another criminal trial before Judge Goldstein. We reverse because the trial court erred in denying Levine's motion for disqualification and, thus, Judge Goldstein should not have subsequently conducted the *667 hearing or ruled on the issue of Levine's contempt of court.[1]
On October 25, 1993, Judge Goldstein issued an order to show cause why Levine should not be held in direct criminal contempt for disobeying the trial court's order entered in another criminal case Levine was trying before Judge Goldstein. The order to show cause alleged that Levine had intentionally disobeyed the trial court's order prohibiting negative impeachment. Levine, represented by counsel, responded on November 9, 1994 by filing a motion to disqualify the trial judge on the grounds of judicial bias based on an alleged adversarial relationship.
In his motion, Levine alleged, inter alia, that in chambers Judge Goldstein offered to forego issuing the disputed order to show cause if Levine would forego billing the county $1,000 for a special public defender's fee in yet another criminal case before Judge Goldstein; that based on Judge Goldstein's conduct in chambers, Levine's law partners filed, on behalf of the law firm, a complaint with the Judicial Qualifications Committee (JQC); and that Levine told Judge Goldstein on the record that he refused his offer to forego billing the county in exchange for the trial court's forbearance. After denying Levine's motion on the single ground of legal insufficiency, Judge Goldstein presided over Levine's contempt proceeding and found Levine guilty of direct criminal contempt and fined him $500.
In reviewing the contempt order, we must necessarily consider the motion to disqualify which had challenged Judge Goldstein's impartiality to conduct the contempt hearing. To determine the legal sufficiency of a motion for judicial disqualification based on prejudice, the test is whether the motion demonstrates a well-founded fear on the part of the party that he will not receive a fair trial at the hands of the trial judge. Lewis v. State, 530 So.2d 449, 450 (Fla. 1st DCA 1988). Further, the facts and reasons given must tend to show personal bias or prejudice. Id. Thus, we determine the legal sufficiency of a motion for disqualification based on whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1335 (Fla. 1990); Livingston v. State, 441 So.2d 1083, 1087 (Fla. 1983).
In Feuerman v. Overby, 638 So.2d 179, 180 (Fla. 3d DCA 1994), our sister court reviewed a motion to disqualify and found the allegations in the motion to be legally sufficient. The trial judge in Feuerman had written a letter to the Florida Bar grievance committee to institute proceedings against "the attorneys" in another case. In the other case, Feuerman's counsel had represented an attorney who had offended the trial judge by filing pleadings the trial judge considered premature. The trial judge's request prompted the Bar to commence grievance proceedings against counsel, whose sole role had been as counsel for the offending attorney. The matter was subsequently dismissed, but in the meantime, counsel had written the Florida Bar requesting referral of the matter to the JQC in order to institute proceedings against the trial judge. Feuerman relied on this sequence of events to seek disqualification. In holding that disqualification was warranted, the Feuerman court found that the circumstances were such that petitioner's fears that he would not receive a fair trial were reasonable. Id.
In the instant case, it is clear that the motion to disqualify is legally sufficient. The allegations show a well-founded fear of prejudice. Not only did Levine's law firm file a complaint with the JQC, Judge Goldstein attempted to persuade Levine to forego his special public defender's fee in exchange for which the judge would withhold issuing the order to show cause.[2] These allegations support *668 Levine's contention that there is an adversarial relationship between him and the judge, and that he has a well-founded fear that he cannot receive a fair and impartial trial before this trial judge.
Furthermore, on the merits, we find that the trial court did not issue any order which clearly apprised Levine of precisely what conduct was prohibited by the trial court. With regard to indirect criminal contempt orders, we have held that there must be an order which clearly and definitely makes a person aware of the court's command and direction. Barnes v. State, 588 So.2d 1076, 1077 (Fla. 4th DCA 1991) (citing American Pioneer Casualty Ins. Co. v. Henrion, 523 So.2d 776, 777 (Fla. 4th DCA 1988)). Moreover, there must be proof beyond a reasonable doubt that the individual intended to disobey the court. Barnes, 588 So.2d at 1077 (citing Florida Ventilated Awning Co. v. Dickson, 67 So.2d 218 (Fla. 1953)).
In the instant case, Judge Goldstein sustained a prosecutorial negative impeachment objection to a question Levine asked of a witness. Levine then proposed one more question and Judge Goldstein simply denied this request. These two rulings fail to clearly and definitely make Levine aware of the court's command and direction. Therefore, these two rulings cannot be viewed as a sufficiently specific injunction. See Braisted v. State, 614 So.2d 639, 640 (Fla. 4th DCA 1993).
Accordingly, we reverse and remand to the trial court to set aside the judgment finding Levine guilty of direct criminal contempt of court and imposing a $500 fine.
REVERSED AND REMANDED.
FARMER, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.
NOTES
[1] Levine had filed a petition for writ of prohibition with this court on December 20, 1993. However, we dismissed the petition on February 9, 1994, because Judge Goldstein had entered a final order of contempt on January 3, 1994, thereby rendering the petition for prohibition before us moot.
[2] The record reveals that Judge Goldstein pursued an answer to his offer:

THE COURT: Do you have a yes or a no for me?
MR. LEVINE: Judge, I just need to go on the record. It will take two minutes. I discussed what we discussed with my partners, and I told them that the Court felt that without putting a bill on this case it would be appropriate and the Rule [to show cause] would not be filed.
I discussed it with them and many other attorneys, Judge, and my partners and I weren't willing to do that. And, Judge, I just hope my apology was accepted by the Court; and if the Court wants to file the Rule, we're prepared to defend it.
THE COURT: Okay.
MR. LEVINE: Thank you, Judge.