DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEBRA PERROTTO**, as Personal Representative of the ESTATE OF
NICHOLAS PERROTTO,
Petitioner,

v.

**R.J. REYNOLDS TOBACCO COMPANY, PHILIP MORRIS USA INC.,
LORILLARD TOBACCO COMPANY, LIGGETT GROUP LLC**, and
**VECTOR GROUP LTD., INC.**,
Respondents.

No. 4D14-4943

[July 15, 2015]

Petition for writ of prohibition to the Circuit Court for the Fifteenth
Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No.
502007CA023841 XXXXMB.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm
Beach, and Scott P. Schlesinger and Jonathan R. Gdanski of Schlesinger
Law Offices, P.A., Fort Lauderdale, for petitioner.

Joseph H. Lang, Jr., of Carlton Fields Jorden Burt, P.A., Tampa, for
respondent Philip Morris USA Inc. (and filing on behalf of R.J. Reynolds
Tobacco Co. and Lorillard Tobacco Co. for Response only).

Karen H. Curtis of Clarke Silverglate, P.A., Miami, for respondent
Liggett Group LLC.

PER CURIAM.

Petitioner seeks a writ of prohibition to review the denial of her motion
to disqualify the trial judge. This is an *Engle*-progeny[1] case with the basis
for the motion to disqualify arising after the trial and verdict. We grant
the petition. Petitioner has demonstrated that she has an objectively
reasonable basis to fear that she will not receive fair review of the pending
post-trial motions.

---

[1] *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246 (Fla. 2006).

In 4D13-4058, we denied petitioner's pretrial petition wherein she challenged the judge's first order denying a motion to disqualify in this case. The initial motion was based on alleged hostility between the judge and one of petitioner's attorneys. The alleged hostility arose in an unrelated *Engle* case wherein the judge issued a fifteen-page order granting a motion for new trial based largely on counsel's courtroom behavior.[2]

Within that order the judge detailed the attorney's conduct characterizing it as misleading and a fraud on the court. The hostility between the two carried over into proceedings concerning the judge's nomination for appointment to the federal bench. The judge furnished the nominating committee a copy of the order as a writing sample. Thereafter, the attorney sent the committee a letter challenging the facts contained in the order and questioning the judge's suitability for appointment to the federal bench. Following the judge's unsuccessful nomination, petitioner and other *Engle* plaintiffs represented by the attorney and his firm moved to disqualify the judge. The judge denied the motion, and we denied the prior prohibition petition.

The case proceeded to trial, and the jury returned a verdict in favor of petitioner. The attorney at issue did not personally represent petitioner in the trial, but rather selected other members of the firm to do so. Counsel alleged in the instant motion that this was tactical to minimize the impact of any hostility between him and the judge affecting the client.

The events surrounding this second motion arose after the attorney was present in the courtroom to observe a portion of a firm member's closing arguments and after the jury returned its verdict. According to petitioner, she and her trial counsel approached the bench to thank the judge. Petitioner alleges that as the two were walking away from the bench, the judge commented that she had seen the attorney in the courtroom and that she would "never forgive him for what he did to me." Petitioner alleged that it appeared to her that the judge was "highly emotional and on the verge of tears as she said this."

Petitioner alleged that while she was previously aware of the issues between the judge and her attorney, she did not appreciate "the depth of the hostility or how deeply hurt the judge was by [counsel's] active opposition to her quest for a federal judgeship." Petitioner's trial attorney, who was present at the bench with petitioner, furnished an affidavit echoing petitioner's representation of the judge's comments and adding

---

[2] That ruling is the subject of a pending appeal in case number 4D13-2681.

that the judge said she "will never forget what he did. I will never forgive him and I took it personally. It was very hurtful and it made me cry." Counsel added that the judge told him that he could communicate that sentiment to the attorney.

Generally, a trial judge's expression of dissatisfaction with counsel or a party's behavior does not warrant disqualification. *See Ellis v. Henning*, 678 So. 2d 825, 827 (Fla. 4th DCA 1996). Also, it is assumed that a judge will not be biased as a result of an attorney's opposition to the judge's application for office. *See McDermott v. Grossman*, 429 So. 2d 393, 393 (Fla. 3d DCA 1983). Here, the judge's comments, as alleged by petitioner and her trial attorney in their sworn affidavits, rebut any assumption of non-prejudice. *Id.* at 394.

Accepting the allegations within the motion and affidavits as true, we conclude that the judge's alleged inability to restrain either her utterances or her emotions in front of the petitioner would, if true, show that the experience profoundly affected her and made her future impartiality reasonably suspect. The source of this prejudice is personal and unrelated to petitioner's case and trial counsel's conduct therein. *See, e.g.*, *Lamendola v. Grossman*, 439 So. 2d 960 (Fla. 3d DCA 1983). Though we previously concluded that any hostility arising from the events of the judicial nominating process did not warrant disqualification, the judge allegedly opened the door and displayed the depth of such hostility by failing to remain silent despite the passage of time.

Based on the foregoing, we conclude that a reasonably prudent person would be in fear of not receiving fair and impartial judicial review of the pending matters. *See Livingston v. State*, 441 So. 2d 1083, 1087 (Fla. 1983) (recognizing that the focus must be on whether "the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial"). Consequently, the petition for writ of prohibition is granted.

*Petition granted.*

STEVENSON, TAYLOR and CONNER, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**

3